

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2004

# USA v. Hoffner

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3791

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Hoffner" (2004). *2004 Decisions.* Paper 767.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/767

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-3791
_____

UNITED STATES OF AMERICA,

v.

THOMAS F. HOFFNER, JR.,

Appellant
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No.  00-cr-00456-2)
District Court Judge: Hon. Harvey Bartle, III
_____

Submitted Under Third Circuit LAR 34.1(a)
March 29, 2004

Before: ALITO, ALDISERT and BECKER, <u>Circuit Judges</u>

(Opinion Filed:   April 28, 2004)

_____

OPINION OF THE COURT
_____

PER CURIAM:

In this appeal, Thomas Hoffner, Jr., contests a final order of criminal forfeiture entered by the District Court pursuant to the parties' stipulation. Hoffner also challenges the denial of a motion for the return of property under Federal Rule of Criminal Procedure 41(e). Hoffner's appointed counsel has moved to withdraw and has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and Hoffner has filed an informal pro se brief.

Hoffner was convicted of drug-related offenses, and in a separate not precedential opinion, we have affirmed his conviction and sentence. This appeal concerns the forfeiture of $10,960 in currency and a 1992 Harley Davidson motorcycle. On February 6, 2002, Hoffner, his then-attorney, Craig R. Mitnick, and the government entered into a stipulation pursuant to which Hoffner agreed not to contest the forfeiture of the $10,960 and the motorcycle, and the government, in return, agreed not to seek the forfeiture of $6,000 in currency that had been seized from Hoffner's safe deposit box. App. 18. The stipulation specifically provided that the $6,000 would be returned to Hoffner through Craig R. Mitnick. Nowhere in the agreement did the government agree to return the money personally to Hoffner.

The crux of Hoffner's argument on appeal is that Mitnick did not forward the $6,000 to him. Based on this alleged fact, Hoffner argues that he did not knowingly enter into the stipulation because he was not given notice that Mitnick would keep the $6,000.

He also contends that this resulted in a violation of his right to due process and his right to the effective assistance of counsel. He asserts that "he paid Mr. Mitnick his full fees upfront for representing him in these criminal proceedings (a total of $50,000.00). Thus, there was no legal fees pending." Informal Brief at 3(A).

Assuming for the sake of argument that Hoffner is correct in asserting that Mitnick did not forward the $6,000 to him, we nevertheless see no non-frivolous ground for attacking the judgment of forfeiture or the denial of the Rule 41(e) motion, which sought a return by the government of the $6,000 to the defendant. The stipulation provided for the funds in question to be returned to Hoffner through his attorney. No evidence has been called to our attention showing either that the government knew that Mr. Mitnick would not forward the funds to his client or that Hoffner did not understand the procedure that would be followed. Accordingly, we see no ground for arguing that the defendant did not enter into the stipulation knowingly and intelligently or that his rights to due process and the effective assistance of counsel were violated. It appears that Hoffner is attempting to convert a contract dispute with his attorney into a ground for upsetting the judgment of forfeiture. We see no basis for doing so.

After reviewing the <u>Anders</u> brief submitted by Hoffner's current appointed counsel, the government's brief, and Hoffner's informal brief, we are convinced that there are no non-frivolous arguments that can be made in this appeal. We will therefore grant counsel's motion to withdraw and will affirm the order of the district court.